**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BMO HARRIS BANK N.A.,<br><br>Plaintiff,<br><br>v.<br><br>EA EXPRESS LLC, and<br>MARINGLEN CAMAJ,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:23-cv-2656 |

## VERIFIED COMPLAINT

Plaintiff, BMO Harris Bank N.A., by its attorneys, complains of Defendants, EA Express LLC and Maringlen Camaj as follows:

## THE PARTIES

1. Plaintiff, BMO Harris Bank N.A. ("Plaintiff"), is a national banking association with its main office, as set forth in its articles of association, located in Chicago, Illinois. For jurisdictional purposes, Plaintiff is a citizen of the State of Illinois.

2. Defendant, EA Express LLC ("Borrower"), is a limited liability company organized under the laws of the State of Michigan with its principal place of business located at 23170 Schoenherr Road, Warren, Macomb County, Michigan. Borrower's Registered Office Mailing Address is 54170 E. Annsbury Circle, Shelby Township, Michigan. The sole member of Borrower is Maringlen Camaj, a citizen of the State of Michigan. For jurisdictional purposes, Borrower is a citizen of the State of Michigan.

3. Defendant Maringlen Camaj ("Guarantor," and together with Borrower, the "Defendants"), is a citizen of the State of Michigan residing at 54170 E. Annsbury Circle, Utica, Michigan. Guarantor is the Registered Agent for Borrower.

## JURISDICTION AND VENUE

4. The parties are of diverse citizenship.

5. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

7. A substantial part of the events or omissions giving rise to the claims set forth in this lawsuit occurred within territorial boundaries of the Northern District of Illinois.

8. The contractual agreements that form the subject matter of this Complaint provide for jurisdiction and venue in the federal or state courts located in Cook County, Illinois.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND FACTS

### The Agreements

10. On or about January 25, 2022, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "First Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein (the "First Collateral"), and Borrower agreed to repay Plaintiff the amount set forth therein pursuant to the terms thereof. A true and correct copy of the First Agreement is attached hereto as "**Exhibit A**."

11. On or about March 17, 2022, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Second Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein (the "Second Collateral"), and Borrower agreed to

repay Plaintiff the amount set forth therein pursuant to the terms thereof. A true and correct copy of the Second Agreement is attached hereto as "**Exhibit B**."

12. On or about April 1, 2022, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Third Agreement" and together with the First Agreement and Second Agreement, the "Agreements"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein (the "Third Collateral" and together with the First Collateral and Second Collateral, the "Collateral"), and Borrower agreed to repay Plaintiff the amount set forth therein pursuant to the terms thereof. A true and correct copy of the Third Agreement is attached hereto as "**Exhibit C**."

**The Collateral**

13. Pursuant to the Agreements, Borrower granted Plaintiff a first-priority security interest in the Collateral, which includes all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto. In summary, the Collateral consists of the following vehicles:

| Agmt. | Year | Make | Model | Desc. | VIN |
|---|---|---|---|---|---|
| 1st | 2020 | Volvo | VNL Series | Tractor | 4V4NC9EH5LN265802 |
| 2nd | 2023 | MAC | Conestoga | Trailer | 5MAPS5321PN067523 |
| | 2023 | MAC | Conestoga | Trailer | 5MAPS5323PN067524 |
| | 2023 | MAC | Conestoga | Trailer | 5MAPS5325PN067525 |
| | 2023 | MAC | Conestoga | Trailer | 5MAPS5327PN067526 |
| | 2023 | MAC | Conestoga | Trailer | 5MAPS5329PN067527 |
| | 2023 | MAC | Conestoga | Trailer | 5MAPS532XPN067522 |
| 3rd | 2023 | MAC | Conestoga | Trailer | 5MAPS5320PN067528 |
| | 2023 | MAC | Conestoga | Trailer | 5MAPS5322PN067529 |
| | 2023 | MAC | Conestoga | Trailer | 5MAPS5328PN067521 |

14. Plaintiff properly perfected its security interest in the Collateral by recording its liens on the Certificates of Title. True and correct copies of the Certificates of Title for the Collateral are attached hereto as "**Exhibit D**."

**The Guaranties**

15. To induce Plaintiff to enter into the Agreements, Guarantor unconditionally guaranteed the present and future performance of Borrower under the Agreements (the "Guaranties"). True and correct copies of the Continuing Guaranties executed by Guarantor dated January 25, 2022, March 17, 2022, and April 1, 2022, are attached hereto as "**Exhibit E**."

**The Defaults**

16. The Agreements and the Guaranties provide for the choice of Illinois law.

17. Under the terms and conditions of the Agreements, the failure to make a payment when due is considered an event of default.

18. Borrower is in default under the Agreements for its failure to pay the amounts due thereunder.

19. Under the terms and conditions of the Guaranties, the failure to make a payment when due pursuant to the Agreements is considered an event of default.

20. Guarantor is in default under the Guaranties for his failure to pay the amounts due thereunder.

21. More specifically, Defendants failed to make the February 9, 2023, payment under the First Agreement; the February 1, 2023, payment under the Second Agreement; and the February 1, 2023, payment under the Third Agreement. Defendants' defaults under the respective Agreements and Guaranties are continuing.

22. Pursuant to the terms of the Agreements, the entire amounts due thereunder have been accelerated. The principal amount due and owing after acceleration totals not less than $623,396.05.

23. Under the Agreements, upon acceleration, Borrower is obligated to pay interest on all unpaid amounts at the rate of one and one-half percent (1.5%) per month or the maximum rate not prohibited by applicable law. Interest is calculated based on a 360-day year consisting of twelve 30-day months.

24. In addition, under the Agreements, Borrower is obligated to pay late charges and other fees due under the Agreements.

25. In addition, under the Agreements, upon default, Borrower is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral.

26. In addition, under the Agreements, Borrower is obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

27. Calculated as of March 27, 2023, the amount due and owing under the Agreements, including accrued interest and fees, but not including attorneys' fees and expenses or cost of collection is an amount not less than $644,526.96.

28. Pursuant to the Agreements, upon Borrower's default thereunder, Borrower is obligated to immediately turn over to Plaintiff possession of the Collateral.

29. Plaintiff notified Borrower of its defaults under the Agreements and made demand that Borrower surrender possession of the Collateral to Plaintiff.

30. Plaintiff notified Defendants of Plaintiff's election to accelerate the balance due under the Agreements and made demand that Defendants pay the amounts due under the Agreements.

31. In addition, on March 27, 2023, Plaintiff made written demand for possession of the Collateral. A true and correct copy of Plaintiff's demand letter dated March 27, 2023, is attached hereto as "**Exhibit F**."

32. Subsequent to Plaintiff's acceleration of the amounts due under the Agreements, Plaintiff received funds from Defendants, which were insufficient to satisfy the accelerated loan balances.

33. Specifically, Plaintiff received: a payment of $7,373.63 on the Second Agreement on or about March 27, 2023; a payment of $2,626.37 on the Third Agreement on or about March 27, 2023; a payment of $1,889.92 on the First Agreement on or about March 31, 2023; a payment of $1,110.08 on the Third Agreement on or about March 31, 2023; a payment of $2789.34 on the First Agreement on or about April 21, 2023; and a payment of $1210.66 on the Second Agreement on or about April 21, 2023.

34. Despite express demand, Defendants have failed or refused to pay the total amounts due and owing under the Agreements to Plaintiff.

35. Despite express demand, Borrower has failed or refused to return possession of the Collateral to Plaintiff.

36. Prior to the filing of this lawsuit, Plaintiff recovered one unit of the Collateral, specifically the 2023 MAC Conestoga Trailer (VIN: 5MAPS5320PN067528). From time to time herein, the Collateral omitting any recovered units is referred to as the "Retained Collateral."

37. The Agreements expressly provide that Defendants unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto.

38. Plaintiff has performed any and all conditions and obligations required of it under the Agreements.

**COUNT I - Breach of Contract (Borrower)**

39. Plaintiff incorporates and realleges all preceding paragraphs in this Count I.

40. The Agreements are valid and fully enforceable contracts between Borrower and Plaintiff.

41. Plaintiff has performed all terms and conditions to be performed by Plaintiff pursuant to the Agreements.

42. Borrower has not performed all the terms and conditions to be performed by Borrower pursuant to the Agreements and is in breach thereof.

43. Plaintiff has suffered damages due to Borrower's breach.

44. Borrower is entitled to contractual money damages from Borrower.

WHEREFORE, Plaintiff prays that:

a. this Court enter a judgment in its favor and against Borrower in the amounts due under the Agreements, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest;

b. Plaintiff be granted such other and further relief as shall be just and equitable.

**COUNT II - Breach of Contract (Guarantor)**

45. Plaintiff incorporates and realleges all preceding paragraphs in this Count II.

46. Plaintiff has performed all terms and conditions of the Guaranties to be performed by Plaintiff.

47. Guarantor has not performed under the Guaranties by, among other reasons, failing to make payments under the Agreements when those payments became due.

48. Under the Agreements and the Guaranties, Plaintiff is entitled to contractual money damages from Guarantor as provided therein.

49. The Agreements and the Guaranties provide that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Plaintiff prays that:

c. this Court enter a judgment in its favor and against Guarantor, jointly and severally with Borrower, in the amount due under the Guaranties pursuant to the Agreements, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest;

d. Plaintiff be granted such other and further relief as shall be just and equitable.

**COUNT III – Replevin/Writ of Possession**

50. Plaintiff incorporates and realleges all preceding paragraphs in this Count III.

51. This claim is brought pursuant to Rule 64 of the Federal Rules of Civil Procedure, and the statutes, common law, and rules of the State of Illinois.

52. Pursuant to the Agreements, Plaintiff is lawfully entitled to possession of the Collateral.

53. The Retained Collateral is wrongfully detained by Borrower.

54. The Retained Collateral has not been taken for any tax, assessment, or fine levied by virtue of any law of any state against the property of Plaintiff, or against Plaintiff, nor seized

under any lawful process against the goods and chattels of Plaintiff subject to that lawful process, nor held by virtue of any order for replevin against Plaintiff.

55. Based upon the best knowledge, information, and belief of Plaintiff, and in the absence of an inspection and assuming that the Retained Collateral is in immediately salable condition, for purposes of setting bond only and not as an admission of value, Plaintiff estimates the value of the Retained Collateral to be approximately $592,300.

56. Under the terms of the Agreements, when not in use the Collateral is kept at 23170 Schoenherr Road, Warren, Michigan, but the Retained Collateral may not be present at such location at any given time. Based upon the best knowledge, information, and belief of Plaintiff, the Retained Collateral is constantly moving or not present in any one location for a prolonged period of time.

57. Plaintiff claims the value of the Retained Collateral not delivered to the officer by virtue of the enforcement of an order of replevin.

WHEREFORE, Plaintiff prays that:

a. an order of replevin be entered on its behalf granting Plaintiff possession of the Retained Collateral;

b. Plaintiff be awarded a judgment against Borrower for any damages sustained by Plaintiff;

c. Plaintiff be awarded its costs, attorneys' fees, and interest on all unpaid amounts due and owing; and

d. Plaintiff be granted such other and further relief as shall be just and equitable.

**COUNT IV – Specific Performance**

58. Plaintiff incorporates and realleges all preceding paragraphs in this Count IV.

59. In the event of default by Borrower under the Agreements, Borrower is obligated to return the Collateral at its expense and to any location that Plaintiff directs.

60. In the event of default by Borrower under the Agreements, Plaintiff is entitled to take possession of the Collateral or direct Borrower to remove it to a place deemed convenient by Plaintiff.

61. In the event of default by Borrower under the Agreements, Plaintiff is entitled to repossess and remove the Collateral, wherever located.

62. Plaintiff has performed its obligations under the Agreements, and is ready, willing, and able to perform under the Agreements.

63. Despite demand by Plaintiff, Borrower has failed to return the Retained Collateral.

WHEREFORE, Plaintiff prays that:

a. Judgment be entered in Plaintiff's favor and against Borrower directing Borrower to specifically perform their respective obligations under the Agreements, and to return and allow the removal of the Retained Collateral;

b. Plaintiff be awarded a judgment against Borrower for any damages sustained by Plaintiff;

c. Plaintiff be awarded its costs, attorneys' fees, and interest on all unpaid amounts due and owing; and

d. Plaintiff be granted such other and further relief as shall be just and equitable.

**COUNT V – Injunctive Relief**

64. Plaintiff incorporates and realleges all preceding paragraphs in this Count V.

65. Borrower continues to possess and utilize, or is capable of utilizing, the Retained Collateral for commercial purposes.

66. On any given day the Retained Collateral is located, or is capable of being located, in diverse places throughout the United States and possibly beyond.

67. Based upon the best knowledge, information, and belief of Plaintiff, the Retained Collateral, or a substantial portion of the same, is based at 23170 Schoenherr Road, Warren, Michigan, although due to the mobile nature of the Retained Collateral, it is unlikely that the Retained Collateral will be present at such location at any given time. The exact locations of each item of the Retained Collateral are unknown, and some units of the Retained Collateral may be mobile at any given time.

68. The Retained Collateral depreciates and deteriorates as a result of its continued use by Borrower, with no commensurate value being conferred to Plaintiff in the form of payments due and owing from Borrower.

69. Borrower has or should have in place capabilities to identify, locate, and surrender the Collateral, which capabilities may now be breaking down.

70. Plaintiff will suffer irreparable injury for which no adequate remedy at law exists unless Borrower and other persons and firms having knowledge of this injunction are (a) enjoined from continuing to use the Retained Collateral; (b) ordered to advise Plaintiff of the location of the Retained Collateral; and (c) ordered to surrender the Retained Collateral to Plaintiff.

WHEREFORE, Plaintiff prays that:

a. Borrower and other persons and firms having knowledge of the injunction be temporarily, preliminarily, and permanently enjoined from using the Retained Collateral as of the date of entry of the injunction order;

b. Borrower be ordered to disclose to Plaintiff the precise location of the Retained Collateral in order for Plaintiff to reclaim it;

c. Borrower be temporarily, preliminarily, and permanently enjoined from restricting access of Plaintiff to the Retained Collateral;

d. Plaintiff be awarded a judgment against Borrower for any damages sustained by Plaintiff;

e. Plaintiff be awarded its costs, attorneys' fees, and interest on all unpaid amounts due and owing; and

f. Plaintiff be granted such other and further relief as shall be just and equitable.

Dated: April 27, 2023.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: /s/ Aaron B. Chapin

(one of its attorneys)

Aaron B. Chapin (ARDC 6292540)
Husch Blackwell LLP
120 South Riverside Plaza
Chicago, IL 60606
Phone: 312.655.1500
Fax 312.655.1501
aaron.chapin@huschblackwell.com

Attorneys for BMO Harris Bank N.A.

## VERIFICATION

I, the undersigned, Nolan Broadie, am employed by Plaintiff, BMO Harris Bank N.A., as a Litigation Specialist and am one of the custodians of the books and records or Plaintiff, which are maintained in the ordinary course of Plaintiff's business and as a regular practice. As such, I have personal knowledge of the facts set forth in the attached Verified Complaint. I have reviewed the allegations of fact set forth in the Verified Complaint and, based on my personal knowledge and the documents and records of Plaintiff, hereby verify that said facts are true, correct, and accurate.

Pursuant to 28 U.S.C.A. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 27th, 2023

Nolan Broadie